**Cornell MAGGITT, Petitioner—Appellant,**

**v.**

**J. HAMLET; California State Attorney General, Respondents—Appellees.**

**No. 04–55268.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2006.

Decided Jan. 25, 2006.

Cornell Maggitt, CTF–Correctional Training Facility South Facility, Soledad, CA, for Petitioner–Appellant.

Shakti Murthy, Esq., Santa Monica, CA, Allison Hewon Chung, DAG, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, GOODWIN and FISHER, Circuit Judges.

MEMORANDUM *

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Cornell Maggitt appeals the district court's denial of his habeas corpus petition challenging his conviction by no-contest plea for second-degree robbery and his nine-year sentence. Under the provisions of the Antiterrorism and Effective Death Penalty Act, we review de novo the district court's denial of Maggitt's petition, *see Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm. Because the parties are familiar with the facts, we do not recite them in detail.

Maggitt contends that the trial court violated his Sixth Amendment rights when it denied his pretrial request for reappointment of counsel following his prior waiver of his right to counsel. To support his argument, Maggitt relies on our decisions in *Menefield v. Borg,* 881 F.2d 696, 698 (9th Cir.1989), and *Robinson v. Ignacio,* 360 F.3d 1044, 1061 (9th Cir.2004). Those cases, however, involved the post-trial right to counsel in connection with the preparation of a motion for new trial and a defendant's request for assistance at sentencing, not the repudiation of a valid waiver one week before the start of trial.

Maggitt's decision to exercise his right of self-representation was not a "choice cast in stone," *Menefield,* 881 F.2d at 700, but a defendant who exercises this right may be forced to "'bear the consequences without complaint though he conducted his own defense to his own detriment.'" *Robinson,* 360 F.3d at 1056 (citing *Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Thus, although Maggitt's request for reappointment of counsel came at a critical stage in proceedings, the trial court did not violate clearly established federal law, as determined by the Supreme Court, when it denied Maggitt's request for reappoint-

ment so soon before trial. Consequently, habeas relief is unavailable. 28 U.S.C. § 2254(d)(1); *Lockyer v Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1 66, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**

---

of this circuit except as provided by 9th Cir. R. 36–3.

